# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LEANDRO RAFAEL ALCANTARA,

    Petitioner,

v.                                                 CASE NO: 8:12-CV-457-T-30AEP

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner, Leandro Rafael Alcantara, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #1). The Court has considered the petition, Respondent's response (Dkt. #9), and Alcantara's reply (Dkt. #14). Upon review, the Court determines that the petition is due to be dismissed as time barred. Furthermore, had the petition not been time barred, it would have failed either on the merits or for procedural default.

## BACKGROUND

On June 15, 2006, Alcantara pled guilty to numerous counts in multiple cases. In case number 05-CF-13700, Alcantara pled guilty to robbery with a firearm (count one), and aggravated battery with a deadly weapon causing great bodily harm (count two). He was sentenced to 292.5 months for both counts. In case number 05-CF-13981, Alcantara pled guilty to two counts of kidnapping with a firearm (counts one and two), two counts

of robbery with a firearm (counts three and four), armed burglary of a dwelling (count five), and two counts of grand theft of a motor vehicle (counts six and seven). He was sentenced to 292.5 months for counts one through five, and 60 months for counts six and seven. In case number 05-CF-13982, Alcantara pled guilty to carrying a concealed weapon. He was sentenced to 15 years in prison. In both case numbers 05-CF-15179 and 05-CF-15181, Alcantara pled guilty to one count of felon in possession of a firearm. He was sentenced to 15 years in prison. Alcantara's sentences for each of the counts in all five of the cases were to run concurrent with each other.

Alcantara's 292.5 months sentence was an agreed upon sentence, as indicated by Alcantara's counsel at the plea colloquy: "The negotiated agreement is for bottom of the guideline sentence, 292.5 months. Obviously on some of the third degree felonies there's a sixty month cap. All of the minimum mandatories for the felon in possessions as well as the armed charges are to run concurrent and all of the cases, the sentences are to run concurrent." Plea Colloquy Transcript (Dkt. #11, Ex. 1, Vol. 1, p. 20) at 23.

Alcantara's judgment was rendered on June 27, 2006. Alcantara did not pursue a timely direct appeal. On September 21, 2006, Alcantara filed a petition for belated appeal, which was denied on March 29, 2007.

On March 12, 2008, Alcantara filed a motion for post conviction relief alleging four grounds, all claiming ineffective assistance of counsel. He specifically raised the following grounds in his initial motion for post conviction relief:

**Claim One:** Trial counsel was ineffective for failing to alert the court to Alcantara's history of mental illness, while allowing Alcantara to

        sign the plea agreement while under the influence of psychotropic medication;

**Claim Two:**  Trial counsel was ineffective for failing to investigate the charging documents, which led to an increase in scoresheet points and repetitive charges stemming from two separate, yet single criminal episodes;

**Claim Three:**  Trial counsel was ineffective for failing to object to prior convictions over ten years old, which were added to the scoresheet and enhanced the sentence, as well as an unsworn amended information; and

**Claim Four:**  Trial counsel rendered ineffective assistance by failing to assert her promise of a downward departure during sentencing, and failing to call the representative of the social security administrator, who was present in court as a defense witness at sentencing.

  On March 5, 2009, Alcantara filed an amended motion for post conviction relief alleging the following claims for relief:

**Claim One:**  Trial counsel was ineffective for failing to alert the court to Alcantara's history of mental illness, while allowing Alcantara to sign the plea agreement while under the influence of psychotropic medication;

**Claim Two:**  Trial counsel was ineffective for failing to investigate Alcantara's file and case concerning psychiatric reports;

**Claim Three:**  The trial court erred by not questioning Alcantara about his mental illness or his use of medications that would affect his ability to understand the rights that he was waiving;

**Claim Four:**  Trial counsel was ineffective for failing to investigate the charging documents, which led to an increase in scoresheet points and repetitive charges stemming from two separate, yet single criminal episodes;

**Claim Five:**  Trial counsel was ineffective for failing to object to the addition of an unsworn amended information three days prior to the plea agreement;

**Claim Six:**  Trial counsel was ineffective for failing to object to the addition of prior convictions over ten years old, which were added to the scoresheet and enhanced the sentence;

**Claim Seven:**    Trial counsel was ineffective for failing to protect Alcantara from multiple prosecutions for a single act or related acts arising out of the same criminal episode; and

**Claim Eight:**    Trial counsel rendered ineffective assistance by failing to assert her promise of a downward departure during sentencing, and failing to call the representative of the social security administration, who was present in court as a defense witness at sentencing.

After conducting an evidentiary hearing, the state post conviction court denied all of Alcantara's claims. Alcantara appealed the denial of post conviction relief, and the appellate court affirmed on October 21, 2011. The mandate issued on January 26, 2012.

Alcantara delivered the present petition for writ of habeas corpus to prison officials for mailing on February 23, 2012, raising the following grounds for relief:

**Ground One:**    Alcantara's right to direct review was denied when his trial counsel failed to initiate proceedings or consult with Alcantara in a timely fashion to ensure review of the proceedings below;

**Ground Two:**    Trial counsel rendered ineffective assistance in violation of Alcantara's sixth amendment right to counsel;

**Subclaim (i):**    Trial counsel rendered ineffective assistance by failing to alert the trial court to Alcantara's history of mental illness, while allowing Alcantara to enter a negotiated plea while under the influence of psychotropic medications;

**Subclaim (ii):**    Trial counsel rendered ineffective assistance by failing to assert her promise of a downward departure during sentencing, and failing to call the representative of the social security administration, who was present in court as a defense witness at sentencing;

**Subclaim (iii):**    Trial counsel rendered ineffective assistance by failing to be familiar with the law and facts surrounding Alcantara's case;

**Subclaim (iv):**    Trial counsel rendered ineffective assistance by failing to object or otherwise notify the trial court that Alcantara was being charged by an invalid charging document; and

**Ground Three:**   Alcantara's fifth and fourteenth amendment rights were denied when the trial court failed to determine whether his plea was voluntarily and intelligently entered.

## STANDARD OF REVIEW

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective as of April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a). The Supreme Court has cautioned that § 2254 does not make federal courts "forums in which to relitigate state trials." *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983).

Where a state court initially considers the issues raised in the petition and enters a decision on the merits, Section 2254(d) governs the review of those claims. *Price v. Vincent*, 538 U.S. 634, 638 (2003). A federal court may grant a § 2254 petition only if (1) the state decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) the state decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). *See Price v. Vincent*, 538 U.S. at 638-39; *Maharaj v. Sec'y for the Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).

In *Putnam v. Head*, 268 F.3d 1223 (11th Cir. 2001), the Eleventh Circuit discussed the meaning of the "contrary to" and "unreasonable application" clauses of § 2254(d)(1):

> A state court decision is "contrary to" clearly established federal law if either (1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case. A state court conducts an "unreasonable application" of clearly established federal law if it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case.

*Putnam*, 268 F.3d at 1241.

Section 2254 establishes a highly deferential standard for reviewing state court judgments. *Parker v. Sec'y for the Dep't of Corr.*, 331 F.3d 764, 768 (11th Cir. 2003). If a federal court concludes that a state court applied federal law incorrectly, it may grant habeas relief only if that application was "objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 365 (2000). Even when a state court decision is not accompanied by an explanation, the petitioner's burden "must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011). Moreover, a state court's factual findings shall be presumed correct, and the habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's

errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable

*Strickland*, 466 U.S. at 687.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998) ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690.

Petitioner must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691-92. To meet this burden, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the

outcome." *Id.* at 694. Counsel is not ineffective for failing to raise a non-meritorious claim. *Diaz v. Secretary for the Dept. of Corrections*, 402 F.3d 1136 (11th Cir. 2005).

The Supreme Court recently observed that "surmounting *Strickland*'s high bar is never an easy task," and review under the AEDPA is doubly deferential. *Harrignton*, 131 S.Ct. at 787. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* at 788.

## DISCUSSION

**Timeliness:**

Alcantara's petition is time barred pursuant to the one-year limitation period of 28 U.S.C. § 2244(d)(1), as amended by AEDPA. According to AEDPA, a person in custody pursuant to the judgment of a state court has one year from the date his judgment became final to file a § 2254 federal habeas petition. However, this limitation period does not include "the time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Alcantara pled guilty and was sentenced on June 15, 2006. His judgment was then rendered on June 27, 2006, and Alcantara did not appeal. Accordingly, the judgment became final 30 days later, when the time for seeking direct review expired on July 27, 2006. *See* Fla.R.App.P. 9.110(b); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002) (where petitioner failed to appeal his conviction or sentence, the judgment of conviction became final when the time for seeking direct review expired); *see also*

*McGee v. State*, 684 So.2d 241, 242 (Fla. Dist. Ct. App. 1996) (treating judgment and sentence upon entry of plea as final when time for filing appeal expired). Accordingly, Alcantara had one year, or until July 27, 2007, to file his federal petition absent any properly filed applications for post conviction relief tolling the limitations period.

Although Alcantara filed a petition for belated appeal on October 19, 2006, his petition was ultimately denied on March 29, 2007. In *Jimenez v. Quarterman*, 555 U.S. 113, 120 n.4 (2009), the Supreme Court held that, where a state court reopens direct review, the conviction is rendered non-final for purposes of 28 U.S.C. §2244(d)(1)(A). Here, however, the state district court of appeal did not grant the petition and reopen direct review, but rather denied Alcantara's petition for belated appeal. Accordingly, none of the time that the petition was pending tolled the one-year limitations period. *See Selden v. Secretary, Dept. of Corrections*, 2011 WL 1061126 (M.D. Fla. 2011). A petition for belated appeal does not involve direct or collateral review of a judgment of conviction or sentence. *Id.* It is the granting of a petition for belated appeal, and not the application for such an out-of-time review, that triggers appellate review. *Id.* Therefore, "[p]ending belated appeals do not toll the statute of limitations unless they are granted." *Taylor v. Secretary, Dept. of Corrections*, 2012 WL 5048670 (M.D. Fla. 2012). Accordingly, Alcantara's petition for belated appeal had no practical tolling effect.

Alcantara's first state motion for post conviction relief was not filed until March 12, 2008, after his AEDPA limitations period had expired. Because Alcantara's 3.850 motion was filed after expiration of the one-year period, it did not act to toll the statutory limitations period. *Tinker v. Moore*, 255 F.3d 1331, 1332 (11th Cir. 2001) (a state court

petition "that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled.")

Alcantara, however, claims that he is entitled to equitable tolling that allows him to file his present federal petition. The Supreme Court has held that the one-year limitations period may be equitably tolled in appropriate cases. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). However, a petitioner has the burden of establishing that he is entitled to equitable tolling. *Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012). "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland*, 130 S.Ct. at 2562.

Alcantara argues that he believed his trial counsel timely filed an appeal after Alcantara had allegedly requested that she do so. He also contends that there was interference in his ability to litigate his case because he was repeatedly moved to different prisons and left without access to a law library. Alcantara claims that these were matters outside of his control which prevented him from timely filing his federal habeas petition. Alcantara's claims do not demonstrate that he was diligently pursuing his rights and that there were extraordinary circumstances preventing him from timely filing his federal petition. *See Hutchinson*, 677 F.3d 1097. He therefore fails to avoid the preclusive effect of the one-year limitations period.

Because more than a year has elapsed, the instant petition is time barred. Accordingly, Alcantara's present petition should be dismissed.

Even if it were not time barred, the present petition would have failed on procedural grounds or on the merits. The Court will proceed to discuss Alcantara's claims only to explain why they would have failed.

**<u>Ground One:</u>** Alcantara's right to direct review was denied when his trial counsel failed to initiate proceedings or consult with Alcantara in a timely fashion to ensure review of the proceedings below.

In support of ground one, Alcantara argues that he was denied his due process right of direct review of his plea colloquy, which he contends occurred while he was incompetent to plea. Alcantara claims that his counsel should have consulted with him and advised him about appealing his plea. He filed a petition for belated appeal in state court alleging that he was on psychotropic medication during the crimes he allegedly committed and during the entire court proceedings. Alcantara's petition for belated appeal also alleged that his counsel was aware of his medications and mental illness, but she did not ask for a competency hearing or status hearing to determine his ability to understand the full nature and consequences of his plea.

Alcantara cannot establish that the state court's consideration of his petition for belated appeal was so deficient as to deny him due process. *See Machin v. Wainwright*, 758 F.2d 1431 (11th Cir. 1985). Alcantara's petition for belated appeal was denied after an evidentiary hearing on the issue of whether Alcantara requested that his attorney file an appeal. Although Alcantara was not present at the hearing, his trial counsel told the court that Alcantara did not ask her to file an appeal, and that if Alcantara had made a request, she would have timely filed an appeal. Alcantara's counsel had also signed a sworn affidavit stating that, based on her recollection, there was a thorough plea colloquy

regarding Alcantara's pleas. Affidavit of Elizabeth Beardsley (Dkt. #11, Ex. 1, Vol. I, p. 173). According to his counsel, Alcantara did not request that she file a notice of appeal in any of his cases. *Id.* Alcantara's counsel also declared that she did not have contact with him after the plea colloquy on June 15, 2006. *Id.* If Alcantara had informed his counsel that he wanted to file an appeal, she would have done so. *Id.*

The commissioner found that Alcantara's counsel's statements were very credible and found that Alcantara did not request that his attorney file an appeal. Commissioner's Report and Recommendations (Dkt.#11, Ex. 1, Vol. I, p. 179). Based on this finding, the state court denied Alcantara's petition for belated appeal. The state court decision was not contrary to or an unreasonable application of federal law, and it was not based on an unreasonable determination of the facts.

Accordingly, this ground would have failed on the merits had it not been time barred.

**Ground Two:**   Trial counsel rendered ineffective assistance in violation of Alcantara's sixth amendment right to counsel.

In ground two, Alcantara claims that his trial counsel was ineffective for failing to: (i) alert the trial court to Alcantara's mental illness, while allowing Alcantara to enter a plea deal while under the influence of psychotropic medications; (ii) assert her promise of a downward departure during sentencing, or call the social security administrator, who was present as a defense witness at sentencing; (iii) be familiar with the law and facts surrounding Alcantara's case; and (iv) object or otherwise notify the trial court that Alcantara was being charged by an invalid charging document.

**Subclaim (i):** Trial counsel rendered ineffective assistance by failing to alert the trial court to Alcantara's history of mental illness, while allowing Alcantara to enter a negotiated plea while under the influence of psychotropic medications.

In support of ground two, subclaim (i), Alcantara argues that his trial counsel was ineffective because he told his attorney that he required specialized treatment for his mental disorder, but his counsel failed to inform the court about his mental illness history and use of medications. Alcantara also alleges that his counsel told him to respond with "yes" to any of the court's questions. He claims that he would have proceeded to trial if not for counsel's allegedly deficient performance.

The state post conviction court held an evidentiary hearing on this ground and ultimately denied relief. Final Order Denying Motion for Post Conviction Relief (Dkt. #11, Ex. 1, Vol. IV, p. 690). The state court found that Alcantara's attorney's testimony was credible. *Id.* It then made factual findings that Alcantara's counsel was familiar with his mental health and medication status, and that she did not see anything on the day of the plea to cause concern about Alcantara's competency or ability to comprehend the events transpiring. *Id.* The court also found that Alcantara did not inform his counsel that he was under the influence of psychotropic medications, and his counsel did not see any indication that he was under the influence. *Id.* The state post conviction court concluded that Alcantara's counsel's performance was not ineffective, and it denied relief on this ground. *Id.*

The state court decision was not contrary to or an unreasonable application of federal law, and it was not based on an unreasonable determination of the facts. Accordingly, this ground would have failed on the merits had it not been time barred.

**Subclaim (ii):**  Trial counsel rendered ineffective assistance by failing to assert her promise of a downward departure during sentencing, and failing to call the representative of the social security administration, who was present in court as a defense witness at sentencing.

In support of ground two, subclaim (ii), Alcantara argues that his trial counsel told him that she would propose a downward departure based on his mental illness if he would accept the plea. Alcantara alleges that his counsel's promise of a downward departure was a psychological ploy meant to coerce him into accepting the plea deal. Alcantara claims that he would not have entered the plea except for his counsel's promise.

The state post conviction court held an evidentiary hearing on this ground and ultimately denied relief. Final Order Denying Motion for Post Conviction Relief (Dkt. #11, Ex. 1, Vol. IV, p. 690). The state court made a factual finding "that [Alcantara's counsel] did not advise Alcantara she would ask for a downward departure after he accepted the State's plea offer." *Id.* Alcantara's counsel testified that while Alcantara was still proceeding to trial, she informed him that information supporting a downward departure would be submitted to the judge if the case reached a sentencing phase after trial. *Id.* She further testified that once Alcantara indicated that he wanted to agree to the deal at the bottom of the guidelines range, she informed him clearly that "the offer was the offer" and they could not ask the judge for anything less. *Id.* The state post conviction

court concluded that Alcantara's counsel's performance was not ineffective and it denied relief on this ground. *Id.*

The state court decision was not contrary to or an unreasonable application of federal law, and it was not based on an unreasonable determination of the facts. Accordingly, this ground would have failed on the merits had it not been time barred.

**Subclaim (iii):** Trial counsel rendered ineffective assistance by failing to be familiar with the law and facts surrounding Alcantara's case.

In support of ground two, subclaim (iii), Alcantara argues that his trial counsel failed to argue that there were double jeopardy issues with his charges. Alcantara claims that, even though his two felon in possession of a firearm cases were from separate incidents occurring over one month apart, the State still could not pursue multiple convictions for possession of a firearm if it was the same firearm and there was no proof that the possession was interrupted. Alcantara contends that his counsel was deficient for not telling the court about these alleged double jeopardy problems.

The state post conviction court denied relief on this ground because Alcantara's claim was without merit. The court stated:

> The charges in case numbers 05-CF-13700 and 05-CF-13981 arise from separate episodes occurring approximately one month apart. […] Similarly, while [Alcantara] was charged with felon in possession of a firearm in both case numbers 05-CF-15179 and 05-CF-15181, the charges arise from separate incidents occurring over one month apart. […] Accordingly, the Court does not find counsel's actions deficient where counsel failed to move to consolidate the charges in all of [Alcantara]'s cases. The Court especially notes that consolidating the felon in possession of a firearm charges with [Alcantara]'s other charges would have potentially prejudiced [Alcantara] in his defense of the other charges.

Order Dismissing, in part, Denying, in part, and Reserving Ruling. (Dkt. #11, Ex. 1, Vol. IV, p. 755). The court then noted that, because of the above findings, Alcantara was not entitled to relief on this ground. *Id.*

The state court decision was not contrary to or an unreasonable application of federal law, and it was not based on an unreasonable determination of the facts. Accordingly, this ground would have failed on the merits had it not been time barred.

> **Subclaim (iv):** Trial counsel rendered ineffective assistance by failing to object or otherwise notify the trial court that Alcantara was being charged by an invalid charging document.

In support of ground two, subclaim (iv), Alcantara argues that the information for one of his cases was amended three days before the plea agreement was reached, and this amended information was unsworn. He claims that his counsel should have objected to the unsworn amended information. Alcantara also asserts that his counsel at least should have asked for a continuance in order to allow enough time for Alcantara to make an informed decision. He contends that he would not have pled but for this error by his counsel.

The state post conviction court denied relief on this ground. The court noted that Florida Rule of Criminal Procedure 3.140(g) provides that, after a defendant has pled to the merits, he may not object to an information on the ground that it was not signed or verified. Order Dismissing, in part, Denying, in part, and Reserving Ruling. (Dkt. #11, Ex. 1, Vol. IV, p. 755). The court then found that Alcantara entered into plea agreements in all the case numbers, thus waiving any right he may have had to object to an unsworn

information. *Id.* The state court determined that Alcantara was not entitled to any relief based on his allegations regarding the unsworn information. *Id.*

The state court decision was not contrary to or an unreasonable application of federal law, and it was not based on an unreasonable determination of the facts. Accordingly, this ground would have failed on the merits had it not been time barred.

**Ground Three:** Alcantara's fifth and fourteenth amendment rights were denied when the trial court failed to determine whether his plea was voluntarily and intelligently entered.

In support of ground three, Alcantara argues that the plea colloquy does not contain any reference to Alcantara's mental illness, mental capacity, or medications. Alcantara claims that the trial court erred by failing to question him about these subjects.

This issue was raised in Alcantara's amended motion for post conviction relief, which was subject to being dismissed as untimely unless it enlarged issues previously alleged. The state court found that, although this ground alleged the same underlying facts as a ground in Alcantara's initial motion for post conviction relief, it framed those facts as trial court error. Trial court error is distinct from the ineffective assistance of counsel claim raised in Alcantara's initial motion. In addition, the court found that a claim of trial court error is one that should be brought on appeal, and not one that can be raised in a motion for post conviction relief. The state post conviction court found that this claim was procedurally barred. Therefore, this claim is unexhausted and would have been dismissed as procedurally defaulted even if it were not time barred. *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

Even if ground four were not procedurally barred, Alcantara's claim would also be denied on the merits. Alcantara cannot establish that the plea colloquy was so deficient as to deny him due process. *See Machin v. Wainwright*, 758 F.2d 1431 (11th Cir. 1985). At his plea colloquy, the court went over each count individually from all of the cases, and it went over the factual basis for each case as well. Plea Colloquy Transcript (Dkt. #11, Ex. 1, Vol. 1, p. 20) at 24-28, 32-35. The court also specifically asked Alcantara, multiple times, if he understood the rights that he was giving up and if there was anything he did not understand. *Id.* at 29, 30. Alcantara answered that he understood. *Id.* In addition, prior to ruling, the court asked Alcantara if there was any reason it should not impose the sentence agreed to by Alcantara and the state, or if there was anything Alcantara would like to say. *Id.* at 37. Alcantara answered "no, sir." *Id.*

Accordingly, this ground would have failed even if it had not been time barred.

## **CONCLUSION**

Alcantara's petition to this Court for habeas relief is time barred and must be dismissed. Had it not been time barred, the claims would have failed either on their merits or as procedurally defaulted.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DISMISSED as time barred.

2. The Clerk is directed to terminate any pending motions, and close this file.

CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED.

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

F:\Docs\2012\12-cv-457 deny 2254.doc